**Mark A. Paige** (020902)
**Paige Law Firm**
PMB#440
2733 N. Power Rd., Suite 102
Mesa, Arizona 85215
602-254-5457 telephone
480-324-8291 facsimile
E-Mail:mpaige@paigelawfirm.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br>    Plaintiff,<br>v.<br>Josephine Bistline,<br>    Defendant. | Case No.: CR-23-517-PHX-DLR<br><br>**DEFENDANT'S MOTION FOR *DE NOVO* REVIEW OF DETENTION**<br><br>(Oral Argument Requested) |

  The defendant, Josephine Bistline, hereby moves the Court for Review of the Magistrate Judge's Order of April 6, 2023, ordering the pretrial detention of the defendant as a danger to the community. DKT#17 (Signed April 4, 2023). This motion is made pursuant to 18 U.S.C. §3145(b), which provides that the motion "shall be determined promptly."

  The Order of Detention should be revoked because there is not "clear and convincing evidence either that Ms. Bistline "will endanger the safety of any other person or the community" or that there is no combination of conditions, that …will reasonably assure …the safety of any other person and the community." 18 U.S.C. §3142.

RESPECTFULLY SUBMITTED this 14th day of April, 2023.

S/Mark Paige
Mark A. Paige
Attorney for Defendant

I hereby certify that on 14th day of April, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sending a copy to the following CM/ECF registrants:

Dimitra Sampson
Assistant U.S. Attorney
Dimitra.sampson@usdoj.gov

Also:

Jillian Besancon
Lindsay Short


 S/Mark Paige
Attorney for Defendant

MEMORANDUM

*Background*

Ms. Bistline has been accused of two Class D felony counts. A Class D felony is the second lowest felony charge in the Federal Code. 18 U.S.C. §3559(a)(4). The offenses alleged are on-line offenses involving the dispatch of emails to state government workers.

Ms. Bistline has no criminal history. She has been a life-long resident of the State of Arizona and has family members living in Arizona as well. She has no history of substance abuse and no previously diagnosed medical conditions. Ex. A (RT, 4/4/23, pp. 14-15)

She was unemployed at the time of her arrest. However, she has been employed at times in the past. Her most recent longer-term employment ended in 2018 when she felt compelled to give up her job to address issues relating to her son. Ex. A (RT, 4/4/23, pg. 14)

*Applicable Law*

A person ordered detained by a magistrate may file a motion for revocation of the order with the District Court. 18 U.S.C. § 3145(b). Review is *de novo*. *United States v. Koening*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). "[T]he district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings" or "ultimate conclusion." *Id.*

The Bail Reform Act does not authorize a detention hearing - much less pretrial detention - in every case. See 18 U.S.C. §3142(f). Instead, upon the government's motion for detention, the court must undertake a two-step inquiry: first, it must determine, by a preponderance of the evidence, that the defendant has either been charged with one of the crimes enumerated in §3142(f) or that the defendant represents a serious" risk of flight or obstruction of justice. See 18 U.S.C. §3142(f)(1), (2); *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003); *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). If the government satisfies its burden at the first step, the court must consider whether release is possible with conditions, after taking into consideration the factors listed in 18 U.S.C. §3142(g). See, *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019); See also, *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

"Liberty is the norm" so says the United States Supreme Court. *United States v. Salerno*, 481 US 739, 755 (1987). Under the Bail Reform Act, individuals charged with a crime are generally "released on personal recognizance or upon execution of an unsecured appearance bond," 18 U.S.C. §3142(a)(1), or they may be "released on a condition or combination of conditions" that will reasonably ensure their appearance in court and the safety of the community. § 3142(a)(2), (c)(1); See also, *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017).

The presumption at a detention hearing is release. The Ninth Circuit has emphatically admonished that courts "bear in mind that federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail," *United*

States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985), declaring further that, "only in rare circumstances should release be denied." *Id.* at 1405.  Furthermore, the Second Circuit has appropriately cautioned that courts "should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987).  Most significantly, as the Court held in *Motamedi*, "[d]oubts regarding the propriety of the release should be resolved in favor of the Defendants." *Motamedi*, supra, 767 F.2d at 1405 [quoting *Herzog v. United States*, 75 S.Ct. 349, 352 (1955) (Douglas J. in Chambers)](emphasis added).  In fact, the *Motamedi* Court, in reference to the "Bail Reform Act" of 1984, has specifically required that pretrial detention orders must be carefully reviewed to ensure that the Eighth Amendment mandate has been respected.

Release pending trial is governed by the Bail Reform Act of 1984 which mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required. 18 U.S.C. §3142(c)(2). Further, in *Gebro*, the Ninth Circuit said that "Only in **rare circumstances** should release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121(9th Cir. 1991) (citing, *Motamedi*, 767 F.2d at 1405)(emphasis added).

The United States Supreme Court stated in *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3 (1951), that fundamental Fifth and Sixth Amendment values may be irreparably compromised by pretrial detention:

From the passage of the Judiciary Act of 1789, 1 Stat. 73 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that a person arrested for a noncapital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle would lose its meaning.

(Emphasis added)

Finally, the weight of the evidence against the accused is to be given the least weight in the detention analysis. In *Motamedi*, the Ninth Circuit clearly held that the weight of the evidence is the least important factor because a court cannot make a pretrial determination of guilt. *Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); See, *United States v. Honeyman*, 470 F.2d, 474 (9th Cir. 1972).

Only if the Court finds that there is no condition or combination of conditions that will ***reasonably*** assure the safety of the community is detention permitted. The Magistrate Judge did not address any such conditions. Rather the Magistrate Judge found her to be a danger – solely on the accusations made. Ex. A (RT, 4/4/23, pg. 19). The Court stated: "… so it's the Court's finding that you will be detained as a danger but not a flight risk at this point." This finding is insufficient in that it fails to address the

availability of appropriate conditions which could alleviate or mitigate the danger found by the Magistrate Judge.

*Application*

The government failed to satisfy step one of the two-step analysis. The defendant is not charged with an offense enumerated in §3142(f)(1)(A-E) and the Magistrate Judge specifically found she is not a flight risk. The defendant should be released.

The decision of the Magistrate Judge herein was wholly founded upon the least of the factors to be considered. The weight of the evidence against the accused is to be given the least weight in the detention analysis. In *Motamedi,* the Ninth Circuit clearly held that the weight of the evidence is the least important factor because a court cannot make a pretrial determination of guilt. *Motamedi*, 767 F.2d at 1408; *United States v. Gebro*, 948 F.2d 1118, 1121(9th Cir. 1991). See also, *United States vs. Honeyman,* 470 F.2d, 474 (9th Cir. 1972). The Magistrate Judge herein correctly noted that this factor was to be given the least weight in the release consideration. However, the Magistrate Judge premised the entire determination, primarily, on one single alleged threat.

Further, the Magistrate Judge misconstrued the alleged threat upon which he relied. Exhibit A (RT, 4/4/23, pg. 19) The item referenced by the court is found at paragraph 21 of the Complaint (DKT#3):

"Your prison will be behind a ventilator, with help to breathe, …."

The Court characterized it as: "And threats, if credited, to put people on ventilators..." RT, 4/4/23, pg. 19, ll. 5-6. This is a mischaracterization of the email alleged to have been sent by the defendant. There is a significant difference between

Page | 7

asserting that "I will put you on a ventilator" to likening existence on a ventilator to being in prison.

Further, that paragraph cannot be read in a vacuum. The following paragraph in the same email states:

> 3 days. 9 girls. GREEN HOUSE. Or, wear the honorary badge of physical assistance, with everything. for a very looong time. 28+, so far…O God, have mercy!

This seems quite clearly to relate back to a statement in paragraph 19 of the Complaint (DKT#3) which is another email (sent March 17) to the same individual which states:

> Just so you are aware, for every DAY the girls remain "out in the world", as of Feb. 27, I personally will make sure YOU are behind bars for a year. MARK IT. The girls are home. END OF STORY.

Though the math may be off slightly, from the deadline of "Feb. 27" to March 24 is 25 or 26 days. So, one year for each day late would be 25-26 years. Also of significance, the emails are peppered with references to GOD bringing judgment or blessing according to one's actions. In the same March 24 email, three paragraphs earlier, the sender says, "But God will not allow this to go on." Similarly, in the March 17 email (¶19 of Complaint), the sender states: "I will prove it in court."

Though the actual quote seems more figurative than literal, the government characterized it as a threat that the recipient would be "spending time in prison on a ventilator." Ex. A (RT 4/4/23, pg.7, ll. 11-12) Interestingly, the manner in which the

government did characterize the statement demonstrates that it is not a threat; not a threat of personal harm; not a true threat. See, *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007)( "A conviction under §875(c) requires the specific intent to threaten … and only true threats may be prohibited")(citing, *Virginia v. Black*, 538 U.S. 343, 359–60 (2003)).

Further, there was no evidence presented of any effort taken by Ms. Bistline to carry out the alleged threat. While the emails may be distasteful or, certainly, ill-advised, their nature as "threats", cognizable under the law, is debatable. One thing which is not debatable is that the strength of the evidence is the *least* important factor in determining release. Ms. Bistline is being detained *solely* because of the *allegations* made against her – two Class D felonies.

In summary, the Magistrate Judge employed the least relevant factor to order detention. Stated another way, the factor to be given the least weight outweighed all of the other weightier factors.

## CONCLUSION

Ms. Bistline has *no criminal history*. Ms. Bistline is a lifelong resident of Arizona and, specifically, Colorado City. She does not use drugs or alcohol. She has family in the area of Colorado City. She is charged with the second lowest level of felony in the federal criminal code – two Class D felonies.

The precedents of the Supreme Court and the Ninth Circuit must still control the determinations made below. Those Courts have said that "liberty is the norm" and "only

in rare cases should release be denied". Those Courts have also mandated that any "doubts regarding the propriety of release should be resolved in the defendant's favor."

Ms. Bistline should be released with appropriate conditions.

RESPECTFULLY SUBMITTED this 14th day of April, 2023.

S/Mark Paige<br>
Mark A. Paige<br>
Attorney for Defendant